<u>**NOT FOR PUBLICATION**</u>

**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY**

_____
:
AMY VIGGIANO, INDIVIDUALLY AND ON  :
BEHALF OF ALL OTHERS               :
SIMILARLY SITUATED                 :
                                   :    Civ. Action No. 17-0243-BRM-TJB
               Plaintiff,          :
                                   :
       v.                          :    **OPINION**
                                   :
KOHL'S DEPARTMENT STORES, INC.     :
                                   :
                                   :
                                   :
               Defendant.          :
_____:

**MARTINOTTI, DISTRICT JUDGE**

Before this Court are: (1) Defendant Kohl's Department Stores, Inc.'s ("Defendant") Motion to Dismiss Plaintiff Amy Viggiano's ("Plaintiff") claims against it pursuant to Federal Rule of Civil Procedure 12(b)(6) (ECF No. 8); and (2) Plaintiff's Motion for Leave to File a Sur Reply (ECF No. 18). Plaintiff opposes Defendant's Motion to Dismiss. (ECF No. 11.) Defendant does not object to Plaintiff's proposed sur reply.[1] (ECF No. 19.) Pursuant to Federal Rule of Civil Procedure 78(b), the Court did not hear oral argument. For the reasons set forth herein, Plaintiff's

---

[1] Defendant also filed a Notice of Supplemental Authority (ECF No. 14) to which Plaintiff filed a response (ECF No. 15). Plaintiff, in turn, submitted a Notice of Supplemental Authority (ECF No. 16) and a Supplemental Request for Judicial Notice (ECF No. 17). Defendant addresses Plaintiff's supplemental submissions in its Response to Plaintiff's Motion File a Sur Reply. (ECF No. 19.) Although the Court has discretion to decline these submissions, the Court has considered all of the documents submitted by the parties. L. Civ. R. 7.1(d)(6).

Motion for Leave to File a Sur Reply is **GRANTED**. Defendant's Motion to Dismiss is **GRANTED**.

## I. BACKGROUND

For the purposes of this Motion to Dismiss, the Court accepts the factual allegations in the Complaint as true, considers any document "*integral to or explicitly relied upon* in the complaint," and draws all inferences in the light most favorable to Plaintiffs. *In re Burlington Coat Factory Sec. Litig.,* 114 F.3d 1410, 1426 (3d Cir. 1997); *see Phillips v. Cty. of Allegheny*, 515 F.3d 224, 228 (3d Cir. 2008).

In this action, Plaintiff asserts claims against Defendant for alleged violations Telephone Consumer Protection Act, 47 U.S.C. § 227 ("TCPA"). Plaintiff is a consumer and resident of Ocean County, New Jersey. (Compl. (ECF No. 1) ¶¶ 2.) Defendant is a Delaware corporation with its principal place of business in Menomonee Falls, Wisconsin. (*Id.* ¶ 3.) The case arises from text messages Plaintiff received from Defendant on her cellular phone in 2016. (*Id.* ¶¶ 12-14.) Plaintiff initially consented to receive the texts, but she later withdrew her consent by replying to the automated texts with a variety of messages including: (1) "I've changed my mind and don't want to receive these anymore."; (2) Please do not send any further messages."; and (3) "I don't want these messages anymore. This is your last warning!" (*Id.* ¶ 13.) Defendant continued to send texts to Plaintiff that indicated the only way Plaintiff could opt out of the texts would be to text "STOP" to Defendant. (*Id.* ¶ 14.)

On January 12, 2017, Plaintiff filed the Complaint. (ECF No. 1.) Plaintiff asserts two claims on behalf of herself and a purported class she believes to number in the tens of thousands: (1) a claim against Defendant for negligent violations of the TCPA (Count One); and (2) a claim

against Defendant for knowing and/or willful violations of the TCPA (Count Two). (*Id.* ¶¶ 28-37.) Plaintiff's purported class includes:

> All persons in the United States to whom Defendant has sent any automated commercial text message during the applicable statute of limitations period after designating an exclusive means by which consumers may revoke consent to receive text messages from Defendant.

(*Id.* ¶ 16.)

On March 29, 2017, filed its Motion to Dismiss. (ECF No. 8.) On May 1, 2017, Plaintiff filed her opposition to Defendant's Motion. (ECF No. 11.) On August 22, 2017, Defendant filed a Notice of Supplemental Authority (ECF No. 14), and Plaintiff responded to that submission on August 24, 2017 (ECF No. 15). On August 24, 2017, Plaintiff filed a Notice of Supplemental Authority (ECF No. 16), a Supplemental Request for Judicial Notice (ECF No. 17), and her Motion for Leave to File a Sur Reply (ECF No. 18). On August 29, 2017, Defendant filed a brief in response to Plaintiff's Notice of Supplemental Authority, her Supplemental Request for Judicial Notice, and her Motion for Leave to File a Sur Reply. (ECF No. 19.)

## II. LEGAL STANDARD

In deciding a motion to dismiss pursuant to Rule 12(b)(6), a district court is "required to accept as true all factual allegations in the complaint and draw all inferences in the facts alleged in the light most favorable to the [plaintiff]." *Phillips*, 515 F.3d at 228. "[A] complaint attacked by a . . . motion to dismiss does not need detailed factual allegations." *Bell Atlantic v. Twombly*, 550 U.S. 544, 555 (2007). However, the Plaintiff's "obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). A court is "not bound to accept as true a legal conclusion couched as a factual allegation."

*Papasan*, 478 U.S. at 286. Instead, assuming the factual allegations in the complaint are true, those "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555.

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for misconduct alleged." *Id.* This "plausibility standard" requires the complaint allege "more than a sheer possibility that a defendant has acted unlawfully," but it "is not akin to a 'probability requirement.'" *Id.* (citing *Twombly*, 550 U.S. at 556). "Detailed factual allegations" are not required, but "more than 'an unadorned, the defendant-harmed-me accusation'" must be pled; it must include "factual enhancements" and not just conclusory statements or a recitation of the elements of a cause of action. *Id.* (citing *Twombly*, 550 U.S. at 555, 557).

"Determining whether a complaint states a plausible claim for relief [is] . . . a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 678. "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'" *Id.* at 679 (quoting Fed. R. Civ. P. 8(a)(2)).

### III. DECISION

Defendant argues Plaintiff's Complaint should be dismissed for failure to state a claim, and, alternatively, Plaintiff's class allegations should be stricken.

4

### A. Plaintiff's Motion for Leave to File a Sur Reply

As a preliminary matter, the Court notes Defendant does not object to Plaintiff's proposed sur reply. (ECF No. 19 at 4.) Therefore, Plaintiff's Motion for Leave to File a Sur Reply (ECF No. 18) is **GRANTED**.

### B. Whether Plaintiff States a Plausible Claim Under the TCPA

The TCPA prohibits a party from sending a text message for a commercial purpose to a cellular phone using an automated telephone dialing system ("ATDS") without the prior express consent of the person called. 47 U.S.C. § 227(b); 47 U.S.C. § 227(b); 47 C.F.R. § 64.1200(a)(2). The FCC "require[s] that callers give consumers a direct opt-out mechanism such as a key-activated opt-out mechanism for live calls . . . and a reply of 'STOP' for text messages." *In the Matter of Rules and Regulations Implementing the Tel. Consumer Prot. Act of 1991*, 30 FCC Rcd. 7961, 7996 ¶ 64 (July 10, 2015) The opt-out method must allow consumers "to respond to an unwanted call—using either a reasonable oral method or a reasonable method in writing—to prevent future calls." *Id.* "[C]allers may not infringe on that ability [to opt out] by designating an exclusive means to revoke." *Id.* ¶ 63.

Here, Plaintiff admits she "consented to receive automated commercial text messages from Defendant." (ECF No. 1 ¶ 12.) Defendant does not deny it used an ATDS to send texts to Plaintiff for a commercial purpose. (*See* Def.'s Br. in Supp. of its Mot. to Dismiss (ECF No. 8-1) at 4.) The only issue, therefore, is whether Plaintiff has pled facts that support a finding she revoked consent in a reasonable manner such that Defendant's continued texts violated the TCPA.

The Terms and Conditions to Kohl's Mobile Sales Alerts ("Terms and Conditions") include instructions for how consumers can opt out of the messages.[2] (Ex. A to Decl. of Aaron Johnson in Supp. of Def.'s Mot. to Dismiss (ECF No. 8-3) at 2.) The Terms and Conditions read in pertinent part:

> How to Opt-Out.
> a. To stop receiving future Text Messages from Kohl's pursuant to the Kohl's Mobile Sales Alerts Program, you can text any of the following commands to 56457:
>    - STOP
>    - CANCEL
>    - QUIT
>    - UNSUBSCRIBE
>    - END
> b. Once you have taken this step to opt-out of the Program, you will receive a final confirmation Text Message, and thereafter, no further Text Messages will be sent to your mobile number (unless you want to opt-in again by following the steps outlined above).

(*Id.*) Plaintiff did not text any of the single-word commands the Terms and Conditions indicated would terminate the text alerts, but instead sent several sentence-long messages to inform Defendant she was opting out. (ECF No. 1 ¶ 13.) Plaintiff received an automated text in reply to her opt-out messages, each of which stated "Sorry we don't understand the request! Text SAVE to join mobile alerts . . . Reply HELP for help, STOP to cancel." (*Id.* ¶ 14; Decl. of Aaron Johnson in Supp. of Def.'s Mot. to Dismiss (ECF No. 8-2) ¶¶ 23-29.)

Plaintiff argues she has plausibly alleged she revoked consent in a manner consistent with the FCC's rulings. (ECF No. 11 at 4-5.) Plaintiff emphasizes the FCC's prohibition on callers "designating an exclusive means to revoke [consent]." (*Id.* at 8 (quoting 30 FCC Rcd. at 7996 ¶ 64).) Plaintiff notes the FCC has ruled "[c]onsumers have a right to revoke consent, using any

---

[2] While the Terms and Conditions are not part of the Complaint, the Court may consider any document "*integral to or explicitly relied upon* in the complaint." *In re Burlington Coat Factory Sec. Litig.,* 114 F.3d at 1426. The Terms and Conditions, which form the basis of the agreement giving rise to this litigation, are integral to the Complaint.

6

reasonable method including orally or in writing." (*Id.* at 1-2 (quoting 30 FCC Rcd. at 7996 ¶ 63).) Plaintiff argues she has pled a plausible TCPA claim because her texts to Defendant were unequivocal written withdrawals of consent. (*Id.* at 4-5.)

The Court finds Plaintiff's argument is unpersuasive. The FCC has also ruled:

> [w]hen assessing whether any particular means of revocation used by a consumer was reasonable, *we will look to the totality of the facts and circumstances surrounding that specific situation, including, for example, whether the consumer had a reasonable expectation that he or she could effectively communicate his or her request for revocation to the caller in that circumstance*, and whether the caller could have implemented mechanisms to effectuate a requested revocation without incurring undue burdens. We caution that callers may not deliberately design systems or operations in ways that make it difficult or impossible to effectuate revocations.

30 FCC Rcd. at 7996 ¶ 64 n.233. Here, Plaintiff has pled she received replies to her efforts to opt out instructing her to text "STOP" to opt out of future texts. (ECF No. 1 ¶ 14.) Accepting the facts in the Complaint as true, the Court finds Plaintiff has not pled a claim for a TCPA violation. Plaintiff cannot plausibly assert she "had a reasonable expectation that . . . she could effectively communicate . . . her request for revocation to [Defendant]." *See* 30 FCC Rcd. at 7996 ¶ 64 n.233. Indeed, the only reasonable expectation Plaintiff could have had is the opposite—her request for revocation would not be successful. Further, Plaintiff has not alleged Defendant has "deliberately design[ed] systems or operations in ways that make it difficult or impossible to effectuate revocations." *See id.* To the contrary, the facts in the Complaint suggest Plaintiff herself adopted a method of opting out that made it difficult or impossible for Defendant to honor her request.

In a case with nearly identical facts, the Central District of California dismissed the complaint with prejudice. *Epps v. Earth Fare, Inc.*, No. 16-8221, 2017 WL 1424637, at *6 (C.D. Cal. Feb. 27, 2017). The *Epps* court found the plaintiff had failed to state a valid TCPA claim because "heeding Defendant's opt-out instruction would not have plausibly been more

7

burdensome on Plaintiff than sending verbose requests to terminate the messages." *Id.* at *5. The *Epps* court also found the plaintiff failed to allege the defendant made it "difficult or impossible to effectuate revocations." *Id.* (quoting FCC Rcd. at 7996 ¶ 64). Plaintiff argues the Court should not consider Defendant's reliance on *Epps*, because Defendant cited the case for the first time in its reply brief. (Pl. Sur Reply (ECF No. 18-2) at 1.) Alternatively, Plaintiff argues the *Epps* court misapplied the FCC's ruling, because the court considered the consumer's burden in revoking consent, rather than the caller's burden. (*Id.* at 3-4 (citing 30 FCC Rcd. at 7996 ¶ 64 n.233).)

The Court finds the *Epps'* court analysis and reasoning persuasive. Plaintiff ignores the *Epps* court's reasoning that Epps failed to allege the defendant deliberately designed a system that made it difficult or impossible to opt out. *Epps*, 2017 WL 1424637, at *5 (citing 30 FCC Rcd. at 7996 ¶ 64 n.233).) The *Epps* court's remark about the comparative ease of texting "STOP" versus replying with several sentences was not essential to its ruling. *See id.* This Court reaches the same conclusion in this matter. Plaintiff does not allege Defendant's purposefully made opting out difficult or impossible. Rather, Plaintiff bases her claim on the fact that Defendant specified a means of opting out. The FCC's ruling are clear—a caller may not designate a method of opting out "in ways that make it difficult or impossible to effectuate revocations" 30 FCC Rcd. at 7996 ¶ 64 n.233 Plaintiff's arguments to the contrary defy both the FCC's rulings and common sense.

1. **Plaintiff's Supplemental Authorities and Submissions**

The Court considered Plaintiff's supplemental submissions and found them similarly unpersuasive. Plaintiff asks the Court to consider the Eleventh Circuit's recent decision in *Schweitzer v. Comenity Bank*, 866 F.3d 1273 (11th Cir. 2017). Plaintiff maintains the case refutes "Defendant's conclusory argument about logistical or technical challenges" to accepting opt-out messages like those from Plaintiff. (ECF No. 16 at 1.) As the Court has not based its decision on

8

Defendant's purported arguments about such challenges, *Schweitzer* has no relevance to this case. Further, the issue in *Schweitzer* was whether a plaintiff could partially revoke consent to be contacted at certain times of the day. 866 F.3d at 1275. This issue is distinct from the revocation of consent in this case.

Plaintiff requests the Court take judicial notice of the fact that "the Eastern District of California recently denied a similar motion to dismiss that asserted the identical revocation of consent argument raised herein." (ECF Nos. 17-2 at 4; 18-2 at 5 (citing *Johnson v. Redbox Automated Retail, LLC*, No. 16-2895 (E.D. Cal. May 2, 2017)).) The Court takes notice of that fact, but notes the *Johnson* court, unlike the *Epps* court, denied the motion to dismiss without issuing a written decision. The Court is therefore unable to draw any conclusion from the ruling.

Plaintiff asks the Court to take judicial notice of the First Amended Complaint in *Winner v. Kohl's Department Stores, Inc.*, No. 2:16-cv-1541 (E.D. Pa.). Plaintiff argues the *Winner* court, which granted a motion to dismiss in a case in which a plaintiff sought to opt out of texts by way of an in-person oral message at a retail store, failed to consider relevant FCC authority. (ECF No. 15 at 12-13.) As the Court did not rely on the *Winner* decision due to its factual distinction from this case, Plaintiff's arguments concerning the pleadings in *Winner* are not relevant.

Finally, Plaintiff requests the Court to take judicial notice of settlement documents in *Vergara v. Uber Techs., Inc.*, No. 1:15-cv-6942 (N.D. Ill.). (ECF Nos. 15 at 7; 17-5.) Litigants resolve lawsuits and settle matters for a plethora of reasons, many of which are not articulated. The court finds this settlement is of no moment. The Court further finds the documents include facts distinct from those in this case and are therefore irrelevant. Plaintiff argues the *Vergara* settlement "provid[es] for prospective relief whereby the word 'stop' was included among a list of words and phrases that shall trigger the removal of consumers from receiving text messages from

the well-known ride sharing company, Uber." (ECF No. 15 at 7.) The Court notes Plaintiff's own allegations reveal Defendant already had in place a protocol "whereby the word 'stop' was included among a list of words and phrases that [] trigger[ed] the removal of consumers from receiving text messages." (*See* ECF Nos. 1 ¶ 14; 8-3 at 2.)

The Court has reviewed and taken notice of Plaintiff's supplemental submissions, as well as her sur reply. Nevertheless, the Court finds Plaintiff has not plausibly pled a TCPA violation. Therefore, Defendant's Motion to Dismiss is **GRANTED**. Plaintiff's Complaint is **DISMISSED WITH PREJUDICE**.

### C. Class Action

As the Court finds Plaintiff has not plausibly pled a TCPA violation, the Court need not reach Defendant's arguments regarding the class allegations.

### IV. CONCLUSION

For the reasons set forth above, Plaintiff's Motion for Leave to File a Sur Reply (ECF No. 18) is **GRANTED**. Defendant's Motion to Dismiss (ECF No. 8) is **GRANTED**. The Complaint (ECF No. 1) is **DISMISSED WITH PREJUDICE**. An appropriate Order will follow.

Date: November 27, 2017  */s/ Brian R. Martinotti*
　　　　　　　　　　　　　　　　　　　　　　**HON. BRIAN R. MARTINOTTI**
　　　　　　　　　　　　　　　　　　　　　　**UNITED STATES DISTRICT JUDGE**